UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DENNIS AYALA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | 2:18-cr-00090-GZS-1<br>2:21-cv-00246-GZS |

### RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 307.) Following a guilty plea, Petitioner was convicted of conspiracy to distribute and possess with intent to distribute fentanyl; the Court sentenced Petitioner to 108 months in prison. (Amended Judgment, ECF No. 213.) The First Circuit affirmed. *United States v. Ayala*, 991 F.3d 323 (1st Cir. 2021).

Petitioner claims his attorney provided ineffective assistance during the plea and sentencing phases of the criminal proceedings. The Government requests dismissal. (Response, ECF No. 314.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In the spring of 2018, federal agents received information that Petitioner and others had conspired to distribute fentanyl in Maine, and during a traffic stop, nearly 200 grams

of fentanyl was found in the vehicle of one of Petitioner's acquaintances. (Prosecution Version, ECF No. 152.) Petitioner was indicted in June 2018 for knowingly and intentionally conspiring to distribute and possess with intent to distribute heroin and fentanyl in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Indictment, ECF No. 21, Superseding Indictment, ECF No. 36.)[1]

In February 2019, Petitioner pled guilty pursuant to a plea agreement. (Plea Agreement, ECF No. 149; Change of Plea Hearing, ECF No. 154.) The Government agreed to recommend that the base offense level was twenty-eight and that Petitioner's offense level should be reduced three levels for acceptance of responsibility. (Plea Agreement at 2.) The Probation Office calculated a base offense level of thirty. (Presentence Investigation Report ¶ 16.) The higher level was based on a greater converted drug weight as a result of $5,720 in cash discovered in a safe in Petitioner's residence and two cash withdrawals from his bank account in the amounts of $5,000 and $3,300, which the Probation Office attributed to drug proceeds. (*Id.* ¶ 11.)

In September 2019, after recessing the sentencing hearing and granting a continuance to allow Petitioner to present additional documentation and arguments regarding the source of the disputed funds, the Court sentenced Petitioner to 108 months in prison. (Continued Sentencing Hearing, ECF No. 207; Amended Judgment, ECF No. 213.) The Court was not persuaded by Petitioner's arguments that the funds were derived

---

[1] The original and superseding indictments also contained a second charge but Count Two was dismissed. (Order, ECF No. 210.)

from legitimate sources rather than drug proceeds. The Court, however, determined that the 108-month sentence was appropriate regardless of whether the base offense level was thirty—yielding a guideline range of 108 to 135 months—or whether the base offense level was twenty-eight—yielding a guideline range of eighty-seven to 108 months. (Sentencing Transcript at 4–9, ECF No. 223.)

In March 2021, the First Circuit affirmed the sentence. *United States v. Ayala*, 991 F.3d 323 (1st Cir. 2021). Petitioner then filed the section 2255 motion.

## DISCUSSION

**A.   Legal Standards**

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

"*[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge

gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127–28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte.*" *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if a petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong

4

will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A court can reasonably require a petitioner to supply the court

5

with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

### B. Converted Drug Quantity

Petitioner claims his attorney should have submitted additional documentation and should have called a forensic accountant to testify at sentencing regarding the disputed funds. Petitioner has not established that his attorney's performance was deficient regarding the disputed drug quantity calculation. Petitioner did not provide the documentation he maintains counsel should have presented or identify the documents that were allegedly available to counsel. Furthermore, the decision to present certain evidence or offer testimony through an expert witness is likely the type of tactical decision that courts will not second-guess on postconviction review. *See United States v. Ortiz Oliveras*, 717 F.2d 1, 3 (1st Cir. 1983) (reasonable "tactical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance").

Even if Petitioner could establish deficient performance, the claim necessarily fails because Petitioner cannot show that he was prejudiced by his attorney's decisions given the Court's explicit supportable determination that the same sentence would be appropriate under either guideline range. *See Ayala*, 991 F.3d at 327 ("Accordingly, the record reveals that any error that the District Court may have made with respect to drug quantity was harmless, because any such error had no effect on the sentence imposed").

### C. Plea Agreement and Advice

Petitioner alleges that his attorney provided ineffective assistance by (1) failing to secure a binding plea agreement, (2) failing to secure a pre-plea presentence report, and (3)

6

inadequately explaining the implications of plea alternatives.  Petitioner cannot establish deficient performance or prejudice regarding his plea agreement claims because the record lacks any evidence to suggest the Government was amenable to a different plea agreement. Petitioner's contention that counsel did not sufficiently explain the implications or consequences of a plea also fails given Petitioner's statements during the plea colloquy. On this record, there is no reasonable probability that if Petitioner had received different explanations "he would not have pleaded guilty and would have insisted on going to trial," *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), or that there was ever a more favorable plea offer available and "he would have accepted the offer to plead pursuant to the terms earlier proposed." *Missouri v. Frye*, 566 U.S. 134, 148 (2012).  Accordingly, even if Petitioner could show that counsel failed to explain adequately certain plea options, there was no prejudice.

      Although pre-plea presentence reports are sometimes authorized, *see e.g.*, *United States v. Fagan*, 464 F. Supp. 3d 427, 428–29 n.2 (D. Me. 2020) (noting approval of pre-plea presentence report for a defendant who had "been assiduous in seeking expedited treatment" in the face of expected delays from the COVID-19 pandemic due to lapsing state sentence), the practice is uncommon in this District.  *See United States v. Sayer*, No. 2:11-CR-113-DBH, 2015 WL 5568074, at *7 (D. Me. Sept. 21, 2015) ("the Government asserts that 'pre-plea reports are sometimes prepared, but they are extremely rare in this district'").  A court must consider the added time, cost, and burden necessary to conduct a pre-plea presentence investigation report when assessing whether to authorize an investigation.  The voluntariness of a plea does not depend on a defendant's knowledge of

7

all available relevant information. *See e.g.*, *United States v. Ruiz*, 536 U.S. 622, 629 (2002) (noting that a waiver of the right to a trial is sufficiently voluntary and knowing "if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences"). The record lacks any evidence to suggest the Court would have authorized the investigation if requested. Petitioner has also failed to identify any evidence that would support a finding that a pre-plea presentence investigation would have prompted Petitioner not to plead guilty or would have otherwise generated a different result.

In sum, Petitioner cannot establish ineffective assistance at the plea stage.

**D.     Failure to Object to Comments by the Court**

Petitioner asserts his attorney was ineffective because he failed to object to certain comments the Court made during sentencing, which comments, Petitioner contends reflect judicial bias. While Petitioner did not identify the alleged comments, if Petitioner relies on the Court's comment that Petitioner raised on appeal, counsel understandably did not object because the comment could not reasonably be construed as evidence of judicial bias. *See Ayala*, 991 F.3d at 328 (concluding that at most the comments reflected an attempt "to put a witness at ease"). Counsel's decision not to object was reasonable and Petitioner was not prejudiced.

**E.     Conflict of Interest**

Petitioner claims counsel provided ineffective assistance because a conflict of interest arose when counsel and Petitioner had a disagreement during the proceedings. Petitioner does not explain when the disagreement occurred, what it concerned, or the

8

significance of any related issues. There is no record evidence to suggest that any disagreement that might have occurred presented a conflict of interest that would sustain a constitutional ineffective assistance claim.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of February, 2022.